IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BILLY EUGENE HUGHES, JR.,**

        **Plaintiff,**

**v.**                                                                          Civil Action No. 5:06cv23
                                                                         (Judge Stamp)

**PRIME CARE MEDICAL, SHERRI CARR,
SHANNON MARKLE, WEST VIRGINIA
REGIONAL JAIL AUTHORITY,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On February 24, 2006, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Plaintiffs' motion to proceed as a pauper was granted on May 1, 2006. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff states that he has a problem in his "privates and prostate." Plaintiff asserts that he is always hurting in those areas. Plaintiff asserts that he has gone to sick call to see the nurse and has been referred to the doctor for a medical appointment. Plaintiff asserts that he has seen the doctor five or six times, but has been told that there is nothing that can be done for him. Plaintiff also asserts that has been told the same thing by Sherri Carr ("Carr"). However, Plaintiff continues to experience pain in his scrotum. Plaintiff asserts that he is up all night long due to the pain and that the pain extends into his stomach, back and legs. Plaintiff has filed grievances with the Regional Jail Authority, but has been told again by Carr

that there is nothing that can be done for him. Plaintiff asserts that prostate cancer and other prostrate problems run in his family, yet the Regional Jail Authority has refused to provide him appropriate medical care.

Plaintiff asserts that he was sentenced to the West Virginia Division of Corrections ("DOC"), but that he is being held by the Regional Jail Authority. Plaintiff asserts that he has been told that if he was housed with the DOC he would be referred to a urologist. However, even though he is a DOC inmate, the DOC will not pay for such a referral as long as Plaintiff continues to serve his sentence in a Regional Jail.

Plaintiff seeks the Court's help in obtaining medical care for his medical problems because the Central Regional Jail "will not help him at all."

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke, 490 U.S. at 325

at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

**A. Prime Care Medical and Regional Jail Authority**

In the complaint, Plaintiff names Prime Care Medical and the West Virginia Regional Jail Authority as defendants in this action. However, it is clear that neither Prime Medical nor the Regional Jail Authority are persons for purposes of 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (Claims under § 1983 are directed at persons); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, Prime Care Medical and the West Virginia Regional Jail Authority should be dismissed from this action with prejudice.

**B. Shannon Markle**

In the complaint, Plaintiff names Shannon Markle ("Markle"), the Administrator of the Central Regional Jail, as a defendant. However, Plaintiff does not assert that Markle was personally involved in any violation of his constitutional rights. Instead, it appears as if Plaintiff names Markle merely in his official capacity as the overseer of the Central Regional Jail and its

---

[1] Id. at 327.

employees.

However, there is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because Plaintiff fails to allege any personal involvement on the part of Markle, nor does he make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against Markle and that defendant should be dismissed

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

from this action with prejudice.

**C. Sherri Carr**

To state an Eighth Amendment claim for ineffective medical assistance, the plaintiff must show that a defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

In this case, it is not entirely clear what part Sherri Carr ("Carr") may have played in the alleged denial of Plaintiff's constitutional rights. It appears that Carr denied some of Plaintiff's grievances when she became the Health Services Administrator, but prior to that it appears as if Carr was working at the Central Regional Jail as a Licensed Practical Nurse. Because Plaintiff references a nurse in his complaint, it is possible that Carr may be the nurse to which Plaintiff is referring. In that case, it is possible that Carr participated in the alleged violation of Plaintiff's constitutional rights. Moreover, the undersigned is of the opinion that Plaintiff has alleged sufficient facts to show that summary dismissal of his Eight Amendment claim as against the nurse is not warranted. Accordingly, the undersigned recommends that Carr be made to answer the complaint.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint be DISMISSED with prejudice against Prime Care Medical, the West Virginia Regional Jail Authority and Shannon Markle, pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim. In addition, the undersigned recommends that the Clerk be directed to serve process upon Defendant Carr through the United States Marshal Service.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 14, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE