IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY EUGENE HUGHES, JR.,

     Plaintiff,

v.                              Civil Action No. 5:06CV23
                                       (STAMP)

PRIME CARE MEDICAL,
SHERRI CARR, SHANNON MARKLE and
WEST VIRGINIA REGIONAL JAIL AUTHORITY,

     Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT**
**AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 24, 2006, the plaintiff, Billy Eugene Hughes, Jr.,
appearing pro se,[1] filed a civil rights complaint against the
defendants, Prime Care Medical, Sherri Carr, Shannon Markle and the
West Virginia Regional Jail Authority. This Court referred the
motion to United States Magistrate Judge James E. Seibert for
submission of proposed findings of fact and recommendation pursuant
to Local Rule Prisoner Litigation 83.02, et seq. and 28 U.S.C.
§§ 1915(e) and 1915A. On May 1, 2006, the plaintiff's motion to
proceed in forma pauperis was granted.

On November 14, 2006, Magistrate Judge Seibert entered a
report recommending that the § 2255 petition be denied and

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1237 (7th Ed. 1999).

dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, the plaintiff has not filed objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II.  Applicable Law

When a plaintiff is a prisoner seeking redress from a governmental entity or employee, a court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted

or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed under 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, a court must read <u>pro se</u> allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

### III. <u>Discussion</u>

In his complaint, the plaintiff states that he has been experiencing pain in his "privates and prostate." The plaintiff has seen a doctor five or six times while being incarcerated at the Regional Jail. The plaintiff asserts that he was told by the doctor that there is nothing that can be done for him. The plaintiff also asserts that Sherri Carr ("Carr") told him that nothing could be done for him at this time.

The plaintiff states that he is up all night due to the pain, which extends into his stomach, back and legs. The plaintiff has filed grievances with the Regional Jail Authority, but has been told again by Carr that there is nothing that can be done for him. The plaintiff asserts that he told personnel at the Regional Jail Authority that prostate cancer and other prostate problems are hereditary, yet the Regional Jail Authority has refused to provide him with appropriate medical care.

The plaintiff contends that he was sentenced to the West Virginia Division of Corrections ("W. Va. DOC"), but that he is being held by the Regional Jail Authority. The plaintiff asserts that he has been told that if he was housed with the W. Va. DOC he would be referred to a urologist. Since the plaintiff is not housed with the W. Va. DOC, he asserts that the W. Va. DOC will not pay for a referral to a urologist as long as the plaintiff continues to serve his sentence in a regional jail.

The plaintiff seeks the Court's help in obtaining medical care for his medical problems because the Central Regional Jail "will not help him at all."

A.    Prime Care Medical and Regional Jail Authority

In his complaint, the plaintiff names Prime Care Medical and the West Virginia Regional Jail Authority as defendants in the above-styled action. The magistrate judge correctly found that neither Prime Medical nor the Regional Jail Authority are persons for purposes of 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Claims under § 1983 must be directed at persons. Id. Accordingly, Prime Care Medical and the West Virginia Regional Jail Authority should be dismissed with prejudice from this action.

B.    Shannon Markle

In his complaint, the plaintiff names Shannon Markle ("Markle"), the administrator of the Central Regional Jail as a

4

defendant. The plaintiff does not assert that Markle was personally involved in a violation of his constitutional rights. Upon review of the complaint, it appears that the plaintiff names Markle in his official capacity as the overseer of the Central Regional Jail and its employees.

There is no <u>respondeat superior</u> liability under § 1983. <u>See Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1997). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. <u>Fisher v. Washington Metro. Area Transit Auth.</u>, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction

and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

The magistrate judge found that the plaintiff fails to allege any personal involvement on the part of Markle. Further, the plaintiff does not make any allegations which reveal the presence of the required elements for supervisory liability. Thus, the magistrate judge found that the plaintiff fails to state a claim against Markle. Accordingly, this Court finds that Markle should be dismissed with prejudice from this action.

C.    Sherri Carr

The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. Amend. VIII. To establish a case of excessive force in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test, which consists of an objective prong and a subjective prong. Under the objective prong, a plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Norman v. Taylor, 25 F.3d 1259, 1262 (4th Cir. 1994)(en banc), cert. denied, 513 U.S. 1114 (1995)(quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Under the subjective prong, a plaintiff must establish that the "prison officials maliciously and sadistically used force to cause harm." Hudson, 503 U.S. at 9.

To establish that a health care provider's actions constitute indifference to a serious medical need, "the treatment, [or lack

thereof] must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnoses or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." <u>See</u> <u>Morales Feliciano v. Calderon Serra</u>, 300 F. Supp. 2d 321, 341 (D.P.R. 2004)(citing <u>Brock v. Wright</u>, 315 F.3d 158, 162 (2d Cir. 2003)).

In this civil action, the plaintiff does not expressly state how Sherri Carr ("Carr") denied the plaintiff of his constitutional rights. The magistrate judge found that prior to Carr becoming the Health Services Administrator,[2] the record appears to indicate that Carr was working at the Central Regional Jail as a Licensed Practical Nurse.

---

[2]Carr denied some of the plaintiff's grievances when she became the Health Services Administrator.

This Court notes that the claims of the pro se plaintiff must be construed in a liberal fashion and thus, will interpret from the plaintiff's complaint that because the plaintiff references a nurse in his complaint, it is possible that Carr may be the nurse to which the plaintiff is referring and that Carr may have participated in the alleged violation of the plaintiff's constitutional rights. See Hughes v. Rowe, 449 U.S. 5, 9 (1980).[3]

Thus, the magistrate judge found that the plaintiff has alleged sufficient facts to show that summary dismissal of the plaintiff's Eighth Amendment claim against the nurse is not warranted. Accordingly, this Court finds that the complaint against Carr should not be dismissed and Carr should answer the complaint.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's complaint against Prime Care Medical, the West Virginia Regional Jail Authority and Shannon Markle are hereby DISMISSED WITH PREJUDICE for failure to state a claim under 28 U.S.C. §§ 1915(e)

---

[3]This statement does not reflect this Court's opinion with respect to Carr's participation in any alleged violations of the plaintiff's constitutional rights.

and 1915A.  The Clerk is hereby DIRECTED to serve the plaintiff's complaint upon the defendant, Sherri Carr, pursuant to Rule 4 of the Federal Rules of Civil Procedure.  In addition, the defendant, Sherri Carr, is hereby DIRECTED to respond to the plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure 12.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the plaintiff and to counsel of record herein.

DATED:   January 23, 2007


<u>/s/ Frederick P. Stamp, Jr.   </u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE