IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**BILLY EUGENE HUGHES, Jr.,**

    **Plaintiff,**

**v.**                                                            **Civil Action No. 5:06cv23**
                                                                     **(Judge Stamp)**

**PRIME CARE MEDICAL, et al.,**

    **Defendants.**

## **REPORT AND RECOMMENDATION**

On February 24, 2006, the *pro se* plaintiff initiated this case be filing a civil rights action against Prime Care medical, Sherri Carr, Shannon Markle, and the WV Regional Jail Authority. At the time he filed his complaint, the plaintiff was confined at the Central Regional Jail. On February 24, 2006, the plaintiff was sent a Notice of General Guidelines for Appearing Pro Se in Federal Court. The Notice advised the plaintiff that he must keep the Court and opposing counsel, if any, advised of his most current address at all times. The Notice further advised the plaintiff that failure to do might result in his action being dismissed without prejudice.

On November 14, 2006, the undersigned issued a Report and Recommendation that recommended that the plaintiff's complaint against Prime Care Medical, the West Virginia Regional Jail Authority and Shannon Markle be dismissed pursuant to 28 U.S.C. §§ 1915(A) and 1915(e) for the failure to state a claim. In addition, the undersigned recommended that the Clerk be directed to serve process upon Sherri Carr through the United States Marshall. The Report and

1

Recommendation, which was mailed to the plaintiff at the Central Regional Jail, was returned as undeliverable, marked "Return to Sender Inmate No Longer at this Facility."

On January 24, 2007, the Honorable Frederick P. Stamp, Jr., United States District Judge entered a Memorandum Opinion and Order which affirmed and adopted the Report and Recommendation. Staff notes indicate that the Clerk's Office then contacted the Central Regional Jail to determine the plaintiff's current address but was unable to obtain the same. Therefore, Judge Stamp's order was mailed to the plaintiff at the Central Regional Jail. It was returned as undeliverable on February 2, 2007. A copy of the Summons issued as to Sherri Carr was sent to the plaintiff at the Central Regional Jail and returned as undeliverable on February 26, 2006.

The undersigned notes that since the initial filing fee of $5.67, received on May 12, 2006, the Court has received no further payments from the plaintiff's Prisoner Trust Account. In addition, the Court has received no correspondence or pleadings from the plaintiff since March 31, 2006, when the plaintiff complied with an order and tendered his prisoner trust fund statement. Therefore, on July 25, 2007, the undersigned issued an Order directing the plaintiff to show cause why his case should not be dismissed. The order was sent to the plaintiff at the Central Regional Jail, the only address ever provided to this Court. The order was returned as undeliverable.

Inasmuch as the Court has no way of communicating with the plaintiff, and he has failed to comply with his affirmative duty to keep this Court informed of his current address at all times, it is the recommendation of the undersigned that the instant case be DISMISSED without prejudice for the failure to prosecute unless the Court hears to the contrary within ten (10) days from the date of this Order. Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation should be submitted to the Honorable Frederick P. Stamp, United States

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United states District Court for the Northern District of West Virginia.

DATED: September 10, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE