IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BILLY EUGENE HUGHES,

      Plaintiff,

v.                                         Civil Action No. 5:06CV23
                                                      (STAMP)
PRIME MEDICAL CARE,
SHERRI CARR,
SHANNON MARKLE and
WEST VIRGINIA REGIONAL
JAIL AUTHORITY,

      Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On February 24, 2006, Billy Eugene Hughes, proceeding pro se,[1]
filed a civil rights action pursuant to 42 U.S.C. § 1983 against
multiple defendants. Upon receipt of the plaintiff's complaint,
the Clerk of Court mailed the plaintiff this Court's Notice of
General Guidelines for Appearing Pro Se in Federal Court, which
informed the plaintiff of his affirmative duty to keep the Court
and opposing counsel apprised of his current address at all times
and advising him that failure to do so may result in his case being
dismissed without prejudice.

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1237 (7th ed. 1999).

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation. Magistrate Judge Seibert entered his report and recommendation on November 14, 2006, recommending that the complaint be dismissed as to all defendants except Sherri Carr ("Carr") for failure to state a claim and that defendant Carr be served with process. A copy of the report and recommendation was mailed to the defendant at the address of the correctional facility where he was confined at the time he filed his complaint but was returned on November 22, 2006 as undeliverable.[2]

On January 24, 2007, this Court entered a memorandum opinion and order affirming and adopting Magistrate Judge Seibert's November 14, 2006 report and recommendation and dismissing the complaint against all of the defendants except Carr for failure to state claim. As to defendant Carr, the order directed the Clerk to serve process. A copy of the memorandum opinion and order was mailed to the plaintiff at his last known address because the plaintiff had provided no updated address. The memorandum opinion and order was also returned as undeliverable. Similarly, a copy of the service of process upon Carr was mailed to the plaintiff and returned as undeliverable.

---

[2]At the time he filed his complaint, the plaintiff was incarcerated at Central Regional Jail, in Sutton, West Virginia.

On July 25, 2007, Magistrate Judge Seibert entered an order directing the plaintiff to show cause why the case should not be dismissed and giving the plaintiff ten days in which to answer. The plaintiff filed no response, nor did he otherwise contact the Court. On September 10, 2007, the magistrate judge issued a report and recommendation recommending that the plaintiff's case be dismissed without prejudice for failure to prosecute and providing for an additional ten-day period from the date of entry of the report and recommendation for the plaintiff to contact the Court and furnish an updated address. The report and recommendation was mailed to the plaintiff at his last known address and returned as undeliverable. No objections were filed, and as of January 24, 2008, the plaintiff has made no further contact with this Court.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff did not file

objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

In this case, the petitioner has failed to comply with his affirmative duty to keep the Court advised of his current address at all times. On February 24, 2006, the Clerk of Court informed the plaintiff, in writing, of this duty. Subsequently, the plaintiff filed three motions, one on February 28, 2006, one on March 1, 2006, and one on March 14, 2006. In each of these documents, the plaintiff indicated that his address continued to be the Central Regional Jail, in Sutton, West Virginia. On November 14, 2006, the magistrate judge entered a report and recommendation, which was mailed to the plaintiff at the Central Regional Jail, in Sutton, West Virginia. That mail and all subsequent mailings from this Court to the plaintiff have been returned as undeliverable, and the plaintiff has not provided this Court with any alternate address. Therefore, the plaintiff has failed to meet his affirmative duty keep this Court apprised of his current address at all times. Accordingly, the plaintiff's complaint must be dismissed without prejudice for failure to prosecute.

### III. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the plaintiff's complaint alleging claims pursuant to

42 U.S.C. § 1983 is DISMISSED without prejudice.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED:    January 25, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE